FINER WINN
2850 East Rockhurst Lane, Suite 356,
Spokane, WA 99223
(509) 981-8960

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

-----------------------------------------------------------X
ZAYN AL-ABIDIN MUHAMMAD HUSAYN
also known as ABU ZUBAYDAH

       Plaintiff,

       vs.

JAMES MITCHELL and JOHN
"BRUCE" JESSEN

       Defendants.
-----------------------------------------------------------X

Case No. 2:23-cv-00270-TOR

**MOTION TO STRIKE**

Hearing Date: February 5, 2024
Without Oral Argument

Defendants' Consolidated Motion to Dismiss violates the Civil Local Rules of Practice for the Eastern District of Washington. By violating the requirement that pleadings be double-spaced in a 14-point typeface, Defendants filled their already-expanded 40-page limit with the equivalent of approximately 54 pages of briefing (had that briefing been properly formatted), gaining some 40% in substantive briefing content. For the reasons below, the Court should ensure fairness by removing the number of excess pages from the length of Defendants' reply brief.

## ARGUMENT

### I. Legal Authority and Basis for Relief

Local Rule 10(d) provides: "All pleadings must be prepared in the equivalent of either a proportionately spaced typeface of **14 points** or more or a monospaced typeface of no more than 10.5 characters per inch (*e.g.*, size 12 Courier New). Text and footnotes must be **double spaced**." (emphases added). Defendants violated Local Rule 10(d) because they did not use double spacing for a 14-point typeface. When the violation was discovered—shortly before Plaintiff's opposition brief was due—Plaintiff's counsel approached Defendants' counsel to attempt to reach a negotiated solution. Counsel conceded that they had used Microsoft Word's "exactly 24" point spacing, rather than its "double space" setting. Their proposed solution on January 3, 2023, was that Plaintiff also file an oversized brief.

Two days before the response was due, when the brief had already been substantially written (and condensed, to comply with the Local Rules), this was not

a productive solution. Neither the parties nor this Court agreed to 54 pages of briefing, and it would have (1) wasted this Court's time; (2) violated the stipulation for consolidated briefing and this Court's scheduling order; and (3) forced Plaintiff to make a potentially prejudicial last minute request for an oversized brief.

Defendants' gambit—to use 14-point font but set the line spacing to "exactly 24" points—is squarely foreclosed by arithmetic and by the law. "Exactly 24" point line spacing is twice the height of 12-point text, not 14-point text. And the overwhelming weight of case-law has rejected the position that "exactly 24" point spacing is the same as 12-point double spacing, let alone 14:

- "[A] common sense understanding of 'double spaced' in the context of word processing ... quickly leads to the conclusion that 'double spaced' refers to the standard 'double' setting for spacing in [Word] rather than '[28] Point' spacing." *Doubleday Acquisitions LLC v. Envirotainer AB*, No. 1:21-CV-03749-SCJ, 2022 WL 18777366, at *2 (N.D. Ga. July 1, 2022).

- "Plaintiff's attempt to excuse its use of '24 Point' spacing based on a technical explanation that '24' is double the required 12 point font size is unpersuasive." *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 1081850, at *2 (W.D.N.C. Apr. 11, 2022).

- "Mr. Altman's argument regarding double-spacing versus twenty-four-point spacing—as equally applied to single-spacing versus twelve-point spacing—

this argument is neither novel nor correct." *Colon v. Twitter, Inc.*, No. 618CV515ORL41GJK, 2019 WL 13392682, at *2 (M.D. Fla. Oct. 24, 2019).

- "[It] was 24-point spaced, not double spaced, and allowed Amazon to submit a substantially longer memorandum than the 25 pages provided by this Court's Individual Rules." *CafeX Commc'ns, Inc. v. Amazon Web Servs., Inc.*, No. 17 CIV. 1349 (VM), 2017 WL 11809704, at *1 (S.D.N.Y. Mar. 30, 2017); *see also Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 123 n.3 (S.D.N.Y. 2021); *Lopez v. The Gap Inc.*, No. 1:11-cv-3185 (S.D.N.Y. May 3, 2012).

- *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-CV-11758, 2014 WL 12662249, at *1 (E.D. Mich. June 18, 2014) (holding that **28**-point spacing is not the same as double spacing 14-point font).

- *Virnetx, Inc. v. Microsoft Corp.*, No. 6:07-cv-80 (E.D. Tex Apr. 29, 2010).

- *Andrich v. Glynn*, No. CV-21-00047-TUC-RM, 2023 WL 4847592, at *3 (D. Ariz. July 28, 2023) (concluding that 24-point spacing in size 12 font is not double spacing, but declining to impose sanctions).

A "point" is a vertical unit of measurement in typography, with 72 points equaling one inch. *See* Ruth Anne Robbins, *Painting with Print: Incorporating Concepts of Typographic and Layout Design into the Text of Legal Writing Documents*, 2 J. Ass'n Legal Writing Directors 108, 123 (2004). The "exact 24" setting means that the combined height of a line of text and the white space beneath

the text is 24 points, or one-third of an inch. This size is fixed regardless of the text size. By contrast, with double-spacing, the size of the space beneath the text grows as the text size grows. Furthermore, typographers and word processors typically allow a couple of additional points of "leading" between lines to promote legibility; thus, lines of single-spaced 12-point font are separated by about 2 points of white space, which prevents overlap of descending letters (*e.g.*, y), and therefore are about 14 points tall. Norm Tabler, *Judges Guard Their Space*, The Federal Lawyer (December 2017); *see also* Supreme Court Rule 33.1(b) (requiring 2 points of leading between lines in amicus briefs). Word processors include the "leading" in double-space settings, which is why 24-point spacing results in a more compact brief than 12-point double spacing—let alone 14-point double spacing. Tabler, p. 16 ("'[D]ouble-spaced' means 230 percent of font height.").

By using 14-point font but setting the spacing to "exactly 24," Defendants gave themselves even more lines of text per page as they would have received had they used double spaced 12-point font, let alone double spaced 14-point font. The Local Rules do not permit "exactly 24" points as an alternative to double spacing, as some districts do. And while a minority of courts have accepted exact 24-point line spacing as an alternative to double spaced 12-point font, no reasonable person could think that this meant 24-point line spacing was also twice the height of—and thus a substitute for double spacing—14-point font.

As a factual and legal matter, there is no dispute that Defendants have violated the Local Rules and thereby gained a substantial briefing advantage.

## II.     The Appropriate Remedy to Restore Fairness

The purpose of the Local Rules "is to establish uniformity, which begets fairness." *Envirotainer*, 2022 WL 18777366. "Requiring uniform formatting ensures that parties get a relatively equal opportunity to present their arguments to the court." *Id*. Defendants set their brief to only **24 points**—even lower than if they had used 12-point font double-spaced—leaving only 10 points of space between lines of text. With the correct format of 14-point font double-spaced, there would have been at least 16 points of space between lines of text.

Defendants have thus blatantly violated the Local Rules and the equality of arms principle embedded therein. While they may have done so unintentionally, that is beside the point. Plaintiff is not seeking sanctions for willful misconduct, but merely to restore equality and fairness to this briefing process.

Further to that goal, there are three remedies typically imposed when a party flouts the Local Rules in order to gain an advantage in brief size. Sometimes the party is required to refile their brief in the appropriate size and format within a short period of time. *See, e.g., Virnetx*, No. 6:07-cv-80 ECF No. 425 (striking the offending documents and granting leave to file within one business day). Due to the

1  point in time and the posture of the briefing schedule when Defendants' violation
2  was identified, this is not a viable option.

3  Sometimes the court simply disregards those parts of the brief in which the
4  violation has occurred, or those parts that would have been over the page limit—in
5  this case, the last 14 pages of Defendants' brief. *See, e.g.*, *Lozano v. Does I-X*, No.
6  C22-1477JLR, 2022 WL 16744880, at *2 (W.D. Wash. Nov. 7, 2022). Here, too,
7  this is not satisfactory because given the timing of the rule violation, Plaintiff had to
8  respond to all of Defendants' briefing, and refers to it throughout his opposition.

9  A third alternative works best: the offending party should be required to omit
10 from its reply the number of pages that it overreached in its moving brief. This Court
11 has described this solution as "acceptable," *Betty Jean H. v. Kijakazi*, No. 2:20-CV-
12 0262-LRS, 2021 WL 3891067, at *4 (E.D. Wash. Aug. 31, 2021), and it would still
13 leave the Defendants with 6 pages to devote to a properly formatted reply brief. It
14 would cause no delay in the proceeding, and would place the burden of the violation
15 where it should be: on the offending party.

## **CONCLUSION**

17 Defendants Motion to Dismiss is in violation of the Local Rules, both
18 mathematically and by the weight of legal authority. To ensure fairness and equality,
19 the Court should remove 14 pages from the length previously ordered for
20 Defendants' forthcoming reply.

Dated: January 5, 2024

Respectfully submitted,

FINER WINN
By: /s/ Jeffry K. Finer
Jeffry K. Finer, Esq.
2850 East Rockhurst Lane, Suite 356
Spokane, WA 99223
(509) 981-8960

LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
By: /s/ Solomon B. Shinerock
Solomon B. Shinerock (*pro hac vice*)
10 Grand Central, 155 East 44th Street, 25th Floor
New York, New York 10017
(212) 826-7001

Eric L. Lewis (*pro hac vice*)
David Short (*pro hac vice*)
Alexander S. Bedrosyan (*pro hac vice*)
1050 K Street, NW
Suite 400
Washington, DC 20001

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

James B. King, WSBA #8723. (jking@ecl-law.com)
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509)455-5200
(509)455-3632 facsimile

James Smith (*Pro Hac Vice*)
Brian Paszamant (*Pro Hac Vice)*
Ann Querns (*Pro Hac Vice)*
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5791

*Counsel for Defendants*

                    **LEWIS BAACH**
                    **KAUFMANN MIDDLEMISS PLLC**

                    By: /s/ Solomon B. Shinerock
                    Solomon B. Shinerock
                    10 Grand Central
                    155 East 44th Street, 25th Floor
                    New York, New York 10017
                    (212) 826-7001